# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 01-50369
Summary Calendar

---

WILLIAM M. ALDRUP,

Plaintiff-Appellant,

versus

LOUIS CALDERA, Secretary of the U.S. Department of Army,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Western District of Texas

---

December 10, 2001

Before POLITZ, WIENER and PARKER, Circuit Judges:

POLITZ, Circuit Judge:

William M. Aldrup appeals an adverse summary judgment on his claims of retaliation under Title VII, discrimination under the ADA, and error committed by the Merit Systems Protection Board. For the reasons assigned, we affirm.

## BACKGROUND

The present action concerns the involuntary removal of Aldrup from his employment as a firefighter by the United States Army. During his fifteen years of employment, Aldrup filed fifty-one Equal Employment Opportunity complaints, none resulted in a finding of discrimination.

On November 27, 1997, Aldrup reported for work at the Camp Bullis Fire Station. Due to staffing shortages, one of the firefighters from the Bullis Station had to be assigned for the day to the Fort Sam Houston Station. The Bullis Station had a rotation list for designating firefighters to be sent to other stations in case of staffing shortages. On the date in question Aldrup was next on the list and was ordered to report to the Houston Station, some twenty-three miles distant.

Aldrup refused to drive his personal vehicle between the stations, citing a regulation that prohibits the use of privately-owned vehicles for government purposes. He insisted that a government vehicle be provided to transport him between the stations, even after being informed that no government vehicles were available and told that he would be reimbursed for the expense of travel. Aldrup did not report to the Houston Station and his supervisors charged him with insubordination.

When Aldrup was removed from his position he had been employed for

2

fifteen years. Prior to the incident resulting in his removal, he had been suspended twice for insubordination. The suspensions were progressively more severe–the first, in March, 1996, was for two days and the second, in August, 1997, was for five days. Aldrup does not contest that he failed to comply with the orders leading up to the charges of insubordination. Rather, he asserts that he had valid reasons for not obeying the orders.

Aldrup's failure to report to the Houston Station constituted his third act of insubordination and he was removed from federal employment. He appealed to the Merit Systems Protection Board which affirmed his removal.

Following the decision of the Merit Systems Protection Board Aldrup filed the present action, complaining that the decision of the Merit Systems Protection Board was arbitrary and capricious. He asserts that he did not fail to report for work, but that he merely refused to follow the order to use his personal vehicle to transport himself between the stations. He further contends that even if he did fail to report, the punishment of removal was too severe, and he really was removed because of his disability and in retaliation for his complaints.

Aldrup asserts mixed claims, based both on discrimination and other grounds. Although this court does not generally have jurisdiction to review decisions of the Merit Systems Protection Board, we have jurisdiction over this type of "mixed

case."[1]

## ANALYSIS

We review the district court's grant of summary judgment de novo.[2] Summary judgment is proper when there is no genuine issue as to any material fact.[3] A factual issue is material if its resolution could affect the outcome of the action.[4] In determining whether there is a genuine issue as to any material fact, all justifiable inferences will be made in the nonmoving party's favor, and we will "not weigh the evidence or evaluate the credibility of witnesses . . . ."[5] A "dispute about a material fact is 'genuine'. . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[6] Therefore, summary judgment is appropriate if the nonmovant fails to establish facts supporting an essential element of his *prima facie* claim.[7]

In a "mixed case" appeal from the Merit Systems Protection Board, we

---

[1] Wiggins v. U.S. Postal Serv., 653 F.2d 219, 221 (5th Cir. 1981).

[2] Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).

[3] FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[5] Id.

[6] Id.

[7] Celotex Corp., 477 U.S. at 322-23.

4

review *de novo* discrimination claims raised administratively.[8]  We apply the McDonnell Douglas Corp. v. Green,[9] burden-shifting framework in Title VII actions.[10]  In order to establish a prima facie case of retaliation, the plaintiff must prove that: (1) he engaged in activity protected by Title VII; (2) an adverse employment action occurred; and (3) there was a causal connection between the protected activity and the adverse employment action.[11]  Assuming the plaintiff is able to establish his prima facie case, the burden then shifts to the defendant to demonstrate a legitimate nondiscriminatory purpose for the employment action.[12] If the defendant makes the required showing, the burden returns to the plaintiff to demonstrate that the employer's articulated reason for the employment action was a pretext for the real, discriminatory reason.[13]

In granting summary judgment on his Title VII claims the district court found that although Aldrup had produced prima facie evidence of retaliation, the

----

[8]  5 U.S.C. § 7703(c).

[9]  411 U.S. 792 (1973).

[10]  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 50, 506 (1993).

[11]  Long v. Eastfield Coll., 88 F.3d 300, 304 (5th Cir. 1996).

[12]  Tex. Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 254 (1981).

[13]  McDonnell Douglas Corp. v. Green, 411 U.S. at 804.

5

defendant had presented evidence of a legitimate nondiscriminatory purpose for removing him–his repeated insubordination–and that he had failed to offer evidence to create a fact issue that the defendant's proffered reason was pretextual.

The failure of a subordinate to follow a direct order of a supervisor is a legitimate nondiscriminatory reason for taking adverse employment action.[14] Aldrup's insubordination on three separate occasions was a sufficient nondiscriminatory reason for his removal.

As to the disability claim, the ADA prohibits discrimination by private employers against any qualified individual with a disability.[15] To establish discrimination based on disability, he had to demonstrate that: (1) he was disabled; (2) he was none-the-less qualified to do the job; (3) an adverse employment action was taken against him; and (4) that he was replaced by or treated less favorably than non-disabled employees.[16] An individual is disabled under the ADA if he demonstrates: (1) he has a physical or mental impairment that substantially limits

---

[14] Chaney v. New Orleans Pub. Facility Mgmt., 179 F.3d 164, 167 (5th Cir. 1999).

[15] 42 U.S.C. § 12112 (1995).

[16] McInnis v. Alamo Cmty. Coll. Dist., 207 F.3d 276, 279-80 (5th Cir. 2000).

one or more of his major life activities; (2) he has a record of such impairment; or (3) he is regarded as having such an impairment.[17]

Major life activities include caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.[18] An impairment is substantially limiting only if it "significantly restricts [the individual's] . . . ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities."[19]

In granting defendant's motion for summary judgment, the district court determined that Aldrup had failed to offer evidence that he was substantially limited in the life activity of working and that he had failed to create a fact issue that the defendant's proffered reason for his removal was pretextual.

Aldrup alleges that he suffers from the disability of depression caused by "the stress and anxiety of having to work with certain employees at the [Houston

---

[17] 42 U.S.C. § 12102(2).

[18] 29 C.F.R. § 1630.2(I) (1998). The EEOC guidelines, "while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." Meritor Sav. Bank v. Vinson, 477 U.S. 57, 65 (1986).

[19] 29 C.F.R. § 1630(j)(3)(I).

7

Station]." This claim, if supported by the record, would merely tend to show that he was unable to perform any job at one specific location, and is not evidence of Aldrup's general inability to perform a broad class of jobs. The central evidence offered by Aldrup in support of his disability claim is a letter from a physician concluding that he "has a medical condition that substantially limits one or more of his major life activities . . .." The district court properly determined that such unsupported conclusional statements are not entitled to evidentiary weight.[20] Additionally, Aldrup offers that he was on medical leave from his employment from March 28, 1997 through May 1, 1997. This evidence is not sufficient to create a jury question as to whether he was disabled.

Aldrup also asserts that he was "regarded as" disabled by defendant. An individual is "regarded as" disabled when a covered entity mistakenly believes that: (1) a person has a physical impairment that substantially limits one or more major life activities; or (2) an actual, non-limiting impairment substantially limits one or more major life activities.[21] In both situations, the covered entity must entertain some misperception regarding the individual–either that he has a substantially

---

[20] See, e.g., Prytania Park Hotel, Ltd. v. Gen. Star Indem. Co., 179 F.3d 169, 180 (5th Cir. 1999).

[21] Sutton v. United Airlines, Inc., 527 U.S. 471, 489 (1999).

limiting impairment that he does not have or the impairment is not so limiting as believed.[22]  Aldrup has presented no evidence whatsoever to base the slightest inference that defendant believed he was disabled.

In addition, Aldrup claims that the punishment of removal for his insubordination was excessive in light of the disciplinary actions taken by defendant in dealing with other individuals.  Aldrup cites a number of examples of purported bad conduct by other employees for which they were either not disciplined or not removed from federal employment.  None of the examples listed are similar to Aldrup's acts of  insubordination.[23]

Finally, we review non-discrimination claims based on the administrative record, and will uphold the Merit Systems Protection Board's determinations unless they are clearly arbitrary and capricious, unsupported by substantial evidence or otherwise not in accordance with law.[24]

In attacking the Merit Systems Protection Board's determination, Aldrup raises a number of issues.  The majority of these claims were waived under the

---

[22]  Id.

[23]  Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1090 (5th Cir. 1995) (requiring the plaintiff to establish that other employees were in "nearly identical circumstances" to support disparate treatment claim).

[24]  5 U.S.C. § 7703(c).

parties' stipulation[25] or are raised for the first time on appeal.[26] Therefore, we limit our review to the determination, whether the decision of the Merit Systems Protection Board affirming the removal of Aldrup was arbitrary and capricious, not supported by substantial evidence, or otherwise not in accordance with the law.

In granting summary judgment, the district court found that "Aldrup's refusal to report to work at Fort Sam Houston, even when described as merely a refusal to use his [personal vehicle], was a serious infraction." The court reasoned that given the wide discretion granted to administrative agencies in disciplining their employees, removal after three instances of insubordination was not arbitrary and capricious. Under the facts at bar, we agree.

Aldrup asserts that his supervisor's order that he use his personal vehicle violated the federal Joint Travel Regulations and that he believed the order to be illegal. He also contends that he was entitled to disobey his supervisor's order

---

[25] The parties' stipulation of January 4, 2001, limited the claims to include only the allegations that: (1) Aldrup's removal was retaliatory under Title VII of the Civil Rights Act of 1964; (2) the removal was motivated by disability discrimination; and (3) the decision of the Merit Systems Protection Board affirming Aldrup's removal was arbitrary, capricious, not supported by substantial evidence or otherwise not in accordance with the law.

[26] Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Centers, Inc., 200 F.3d 307, 316-17 (5th Cir. 2000) ("It is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered. This rule is equally applicable to summary judgment cases.").

because it placed him in personal jeopardy. Generally, a subordinate must obey an order first and complain later.[27] There is an exception when obeying the order would place the subordinate in a clearly dangerous situation.[28] Aldrup notes that his automotive insurer would not cover his vehicle while driven for government purposes. Such real or imagined concerns over insurance coverage do not rise to the sort of personal jeopardy that would justify disobeying a direct order from a supervisor.

Aldrup raises a number of additional complaints regarding the administrative determinations, including that the penalty of removal was too severe under the totality of the circumstances, and that the administrative panel should have allowed him to mount a renewed challenge to his two previous suspensions. Agencies are given wide discretion in disciplining their employees[29] and, based on the record, it cannot be said that the decision to remove Aldrup was arbitrary and capricious. Regardless, Aldrup's claim that the administrative panel should have allowed him

---

[27] Bigelow v. Dep't of Health & Human Servs., 750 F.2d 962, 965 (Fed. Cir. 1984) (holding that "[g]overnment employees . . . may not refuse to do work merely because of disagreements with management . . . [and failure] to perform their duties . . . [is done] at the risk of being insubordinate.").

[28] Cragg v. U.S. Air Force, 13 M.S.P.R. 296, 299 (1982).

[29] Stanek v. Dep't of Transp., 805 F.2d 1572, 1580 (Fed. Cir. 1986).

a renewed attack on his previous suspensions was waived because it was not raised in his response to defendant's motion for summary judgment.[30]

For these reasons, the judgment appealed is AFFIRMED.

---

[30] <u>Vaughner v. Pulito</u>, 804 F.2d 873, 877 n.2 (5th Cir. 1986) (noting that failure to assert a legal reason why summary judgment should not be granted is waived if later raised on appeal).