**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**Summary Calendar**
**No. 02-30113**
_____


**KEVIN R. TYLER,**

**Plaintiff-Appellant,**

**versus**

**AAA COOPER TRANSPORTATION,**

**Defendant-Appellee.**

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
Docket No. 00-CV-3681-S
_____

October 10, 2002


Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Kevin R. Tyler appeals the district court's entry of summary judgment dismissing his claims of race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. The district court determined that Tyler's Title

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

VII claims were time-barred because Tyler did not file suit within ninety days of his receipt of notice of his right to sue from the Equal Employment Opportunity Commission ("EEOC"). For the reasons that follow, we affirm the judgment of the district court.

"A civil action under Title VII must be brought within ninety days of receipt of a right-to-sue letter from the EEOC." Berry v. Cigna/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992). This ninety-day limitations period is akin to a statute of limitations. Taylor v. Books-a-Million, Inc., 286 F.2d 376, 380 (5th Cir. 2002).

The defendant argued before the district court that summary judgment in its favor was warranted because Tyler filed suit only on December 14, 2000. Along with its motion for summary judgment, the defendant presented evidence that Tyler received his right-to-sue letter on September 14, 2000, ninety-one days before December 14. This evidence consisted of deposition testimony by Tyler, who responded "Yes" when asked whether, to the best of his knowledge, the date of the EEOC's right-to-sue letter -- September 14, 2000 -- corresponded to the date when he received the letter. In response, Tyler did not argue that he received the right-to-sue letter after September 14, let alone present evidence showing that he received the letter after that date. Instead, Tyler stated in his response to the defendant's summary judgment motion that "[i]f

2

there is anything the Plaintiff is guilty of, that is filing 91 days instead of 90 days."[2]

On appeal, Tyler now argues (1) that it is not possible that the Postal Service could have delivered the letter to him on the date it had been mailed; (2) that the qualification "to the best of his knowledge" mitigates the evidentiary weight of his deposition testimony; (3) that any number of scenarios could have occurred preventing Tyler from picking up his mail on the date it was received at his home; and (4) that the district court erred by failing to use "independent resources" to determine the correct date of receipt of the letter.  Whatever the merits of these arguments, Tyler did not raise them in the district court, so we do not consider them now.  Aldrup v. Caldera, 274 F.3d 282, 288 & nn.26,30 (5th Cir. 2001).

The district court did not err by dismissing Tyler's Title VII allegations as time-barred.  In reaching this conclusion, we caution that we express no view on the merits of any of these allegations, including his allegations of discrimination.

Judgment **AFFIRMED**.

---

[2]In addition, in his "Objection to Motion for Leave to . . . File Reply Brief," Tyler stated: "The plaintiff has based his claim on the truth alone and again the Plaintiff thought he was in compliance and never realized the 90 vs. 91 days issue until stated by the Defense.  But if that is the case I won't deny [sic]."