**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 25, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 02-51156
(Summary Calendar)

FREDIA BUTLER,

Plaintiff-Appellant,

versus

INTERNAL REVENUE SERVICE; ET AL,

Defendants,

PAUL O'NEILL, former SECRETARY, DEPARTMENT OF TREASURY,
in his Individual Capacity; JOHN SNOW, SECRETARY,
DEPARTMENT OF TREASURY, in his Official Capacity,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
(A-00-CA-600-SS)

Before SMITH, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Freida Butler ("Butler") appeals the district court's grant of summary judgment to the defendants regarding her Title VII claims and her challenge of the Merit Systems Protection Board's ("MSPB's") decision upholding her termination. For the following reasons, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Butler, an African-American female, was employed as a tax examining clerk with the Internal Revenue Service ("IRS") in Austin, Texas from December 1982 to June 1998. At the time of her termination, Butler was one of seventeen employees in the Tele-TIN Unit ("Unit"), under the supervision of Thomas Theis ("Theis"). It is undisputed that Butler had a strained relationship with Theis. As the defendants point out, their strained relationship was "exacerbated by, inter alia, Theis' admitted dislike and callused disrespect for Butler as a person and an employee, and Butler's demonstrated resentment for her performance being constantly and publicly evaluated at a level significantly lower than she had historically received in other (Agency) departments."

The facts surrounding Butler's termination are as follows. On September 4, 1997, Michael Wright ("Wright"), a work leader in the Unit, discovered a work folder inappropriately placed in the stripping basket (i.e. a basket destined for disposal/destruction). As a result of Wright's finding, Theis began a practice of monitoring the stripping basket to determine whether there was a pattern of discarding work assignments. On September 5, 1997, Theis discovered another suspicious folder in the stripping basket, which was determined to belong to Charlotte Jones ("Jones"). As a result of this discovery, Theis and another supervisor, devised a tracking system to follow the assigned work of Jones through the Unit. The system confirmed Jones' continued improper disposal of work assignments and also discovered that Patricia Johns ("Johns") participated in this practice as well. Both Jones and Johns are African-American. Based on this additional discovery, Theis instituted a

2

broader tracking system, including video surveillance, which ultimately uncovered Butler's disposal

of a work assignment in the stripping basket.

On April 3, 1998, Butler received notice of proposed removal. Butler gave an oral reply in

opposition to the proposed removal through her union representative. On June 12, 1998, the IRS

deciding official, Thomas Dega, informed Butler that her employment was being terminated. Pursuant

to the union's grievance procedure, Butler challenged her removal and also brought claims of racial

and gender discrimination before an arbitrator. The arbitrator sustained the IRS's decision to

terminate Butler's employment and dismissed her discrimination claims as improperly raised under

the collective bargaining agreement. Butler appealed the arbitrator's decision to the MSPB. The

MSPB upheld the arbitrator's ruling and also found her discrimination claims to be meritless. Butler

filed suit in the district court seeking a review of the MSPB's decision to uphold her termination and

denial of relief under Title VII for her race and discrimination claims. The defendants moved for

summary judgment, which the district court granted. Butler now appeals.

## STANDARD OF REVIEW

We review a district court's grant of summary judgment *de novo*. Mowbray v. Cameron

County, Tex., 274 F.3d 269, 278 (5th Cir. 2001). Summary judgment is appropriate only when the

record indicates "no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." FED. R. CIV. P. 56. "In a 'mixed case' appeal from the MSPB, we

review de novo discrimination claims raised administratively." Aldrup v. Caldera, 274 F.3d 282, 285-

86 (5th Cir. 2001); United States v. Gomez, 869 F.2d 852, 855-87 (5th Cir. 1989) (holding that a

mixed case occurs when a plaintiff seeks review of an administrative decision on a nondiscriminatory

claim and also asserts a Title VII claim of discrimination). We review determinations of non-

3

discrimination claims based on the administrative record, and will uphold the MSPB's determination unless it is clearly arbitrary and capricious, unsupported by substantial evidence or otherwise not in accordance with law. Aldrup, 274 F.3d at 287.

## DISCUSSION

I.      Did the district court err in granting summary judgment regarding Butler's Title VII claims?

Butler argues that the defendants discriminated against her on the basis of her race.[1] To establish a prima facie case of discrimination, Butler must show that: (1) she is a member of a protected class, (2) she was qualified for the position she lost, (3) she suffered an adverse employment action, and (4) that others similarly situated were more favorably treated. See Urbano v. Continental Airlines, Inc., 138 F.3d 204, 206 (5th Cir. 1998). If a plaintiff has established a prima facie case of discrimination, the employer must respond with a legitimate, nondiscriminatory reason for its decision. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 ( 1973). If the employer carries this burden of production, the burden shifts back to the plaintiff, who must prove that the legitimate reasons offered by the employer for its decision were not its true reasons, but were a pretext for discrimination. Id. at 804.

The district court held that Butler failed to show that she was treated differently than others similarly situated. Butler avers that she, along with two other African-American females, were subjected to disparate treatment when compared to the other employees who improperly disposed of assignments. Butler maintains that over ninety-two work assignments were unaccounted for in the Unit, however only she and two other African-Americans were terminated or disciplined. Even

---

[1]Although Butler raised a gender discrimination claim below, she did not brief this issue. As such, we will not consider it on appeal.

assuming Butler showed disparate treatment, we find that the defendants have put forth a legitimate non-discriminatory reason for her termination - the placement of an unworked file in the stripping basket. Butler has failed to raise a genuine issue of material fact on this issue. With respect to pretext, although Butler persuasively argues that Theis and various supervisors demonstrated racial animus toward her, as the district court noted, the record does not show that the ultimate decisionmakers or those involved in the grievance procedure exhibited any racial animus toward her. Butler was terminated because of her placement of unworked material in the stripping basket, not because of her race. The tracking system was implemented to monitor all improper dispositions in the Unit, not just Butler's or African-Americans in general. As a result, the district court did not err in granting summary judgment to the defendants on Butler's race discrimination claim.[2]

II.       Did the district court err in upholding the MSPB's decision?

Butler argues that the MSPB's decision to uphold her termination was not supported by substantial evidence. We disagree. The record clearly demonstrates that Butler improperly placed unfinished work in the stripping basket. Although Butler challenges the sufficiency of Theis' tracking system, it does not change the fact that Butler improperly disposed of her assigned work. As such, we find that the district court did not err in granting summary judgment to the defendants on this issue.   AFFIRMED.

---

[2]Butler also argues that Theis retaliated against her as a result of complaints she made about him to his superior regarding low performance ratings he gave her in March 1996. Assuming that her claim is not time-barred and that she has made out a prima facie case of retaliation, as discussed above, the defendants put forth a non-discriminatory reason for her termination. As a result, her retaliation claim fails.