United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 26, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20575
Summary Calendar

STORMYJEAN WINTERS,

Plaintiff-Appellant,

versus

PASADENA INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 03-CV-1487

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Stormyjean Winters filed suit against the Pasadena Independent School District alleging a discrimination claim under the Americans with Disabilities Act, 42 U.S.C. § 12112(a). The defendant filed a motion for summary judgment, which the district court ultimately granted. We affirm.

The Pasadena Independent School District first employed Winters as a second-grade teacher at Burnett Elementary for the 1994-95 school year under a one-year probationary teacher contract. Winters accepted a second and a third one-year probationary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contract for the 1995-96 and the 1996-97 school years. Winters took medical leave from November 30, 1996, until March 10, 1997. In March 1997, the principal did not recommend Winters for a three-year term contract. On April 8, the board voted to accept the principal's recommendation.

Winters asserts that the Pasadena Independent School District violated the ADA because it did not offer her a teacher contract for the 1997-98 school year because she had a "record of" and was "regarded as" having the disability of depression. The defendant asserts that Winters did not offer any evidence that she had a record of disability or that she was "regarded as" disabled. Further, the defendant argues that Winters' performance problems were a legitimate, non-discriminatory reason for not renewing her teaching contract, and that Winters did not offer any evidence to show that this explanation was pretextual. The district court granted the defendant's motion for summary judgment.

We review the district court's grant of summary judgment de novo. BP Oil Intern., Ltd. v. Empresa Estatal Petoleos de Ecuador, 332 F.3d 333, 336 (5th Cir. 2003). Summary judgment is only proper where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Additionally, all inferences from the record must be drawn in the light most favorable to the non-movant. Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 587-88 (1986).

2

To establish a prima facie case of discrimination under the ADA, a plaintiff must show that: (1) she suffers from a disability; (2) she is qualified for the job; (3) she was subjected to an adverse employment action on account of her disability; and (4) she was replaced by or treated less favorably than non-disabled employees. Gowesky v. Singing River Hosp. Systems, 321 F.3d 503, 511 (5th Cir. 2003). An individual is disabled under the ADA if she demonstrates: (1) she has a physical or mental impairment that substantially limits one or more of her major life activities; (2) she has a record of such impairment; or (3) she is regarded as having such an impairment. 42 U.S.C. § 12102(2); Aldrup v. Caldera, 274 F.3d 282, 286 (5th Cir. 2001).

Winters asserts that the district court incorrectly evaluated her evidence of a disability under the ADA. Specifically, Winters asserts that the fact that she went on medical leave for depression and was hospitalized in a mental institution during this time is evidence that she has a record of disability. Simply being hospitalized does not establish a record of a mental disability. Burch v. Coca-Cola Co., 119 F.3d 305, 317 (5th Cir. 1997); Heisler v. Metropolitan Council, 339 F.3d 622, 630 (8th Cir. 2003).

> The ADA requires an individualized inquiry beyond the mere existence of a hospital stay. . . . To accept [the proposition that a hospital stay establishes that an impairment substantially limits major life activities] would work a presumption that any condition requiring temporary hospitalization is disabling--a presumption that runs counter to the very goal of the ADA.

3

Burch, 119 F.3d at 317. The district court performed an individualized inquiry into Winters' evidence and correctly determined that she had presented no evidence showing a record of a specific condition that substantially limited a major life activity. Winters testified that her depression is controllable by medication. Further, her doctor stated that her depression is treatable with medication and will not prevent her from working. In this context, Winters' medical leave and hospitalization is insufficient to create a question for the jury. See Sutton v. United Air Lines, Inc., 527 U.S. 471, 482-83, 119 S. Ct. 2139, 2146-47 (1999) (stating that a person whose physical or mental impairment is corrected by medication or other measures does not have an impairment that presently substantially limits a major life activity).

Winters also asserts that the Pasadena Independent School District incorrectly regarded her as having a disability. Winters has failed to present evidence that school officials regarded her depression as being a condition that prevented her from performing the major life function of work. Winters fails to identify how Bill Kielman's April 1, 1997, conversation with her or his correspondences to her physician show that the Pasadena Independent School District regarded her as disabled. The simple fact that Cynthia Amador kept a personal file on Winters that included documentation that dealt with incidents involving her reactions to medications and her hospitalization is not evidence that the

4

employer regarded Winters as substantially limited in the major life activity of working.

The district court's grant of summary judgment in favor of the defendant is AFFIRMED.

**AFFIRMED.**

5