United States Court of Appeals
Fifth Circuit

**F I L E D**

September 7, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

No. 05-20978
Summary Calendar

BETTY JEAN BLOCK,

Plaintiff-Appellant,

versus

KELLY SERVICES, INC.; Et Al;

Defendants,

KELLY SERVICES, INC.,

Defendant-Appellee.

**Appeal from the United States District Court for the Southern**
**District of Texas**
**(4:04-CV-2326)**

Before DAVIS, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Betty Jean Block appeals the summary judgment awarded Kelly Services, Inc. Block claims Kelly Services violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, by taking adverse employment actions against her in retaliation for assisting a Tecom employee with a sexual harassment claim when Block and the Tecom employee were placed at Exxon Mobil. **AFFIRMED.**

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Block began working for Kelly Services, a temporary staffing agency, in 1997 and was assigned to work at an ExxonMobil refinery. From March 2001 through July 2003, she worked as administrative assistant to Charles McClosky, Exxon's Manager of the Training/Maintenance Department. While Block did so, Tecom, an onsite maintenance contractor, supplied ten of its employees to work at Exxon. Block, who never worked for Tecom or Exxon, had no authority over the Tecom employees; she was, however, responsible for reporting to McClosky any problems she saw or that were brought to her attention by Tecom employees.

Several Tecom employees individually told Block they were being harassed by Anthony Taft, another Tecom employee. Block stated McClosky encouraged her to bring forward such complaints and that no adverse employment action was taken when she did so. In April 2003, Keri Joseph, another Tecom employee, complained to Block she was being harassed by Taft. (Joseph was the fourth Tecom employee to do so.)

As she did for the previous three complaints, Block forwarded Joseph's complaint to McClosky. He told Block to inform Joseph (whose identity McClosky did not yet know) that she could talk to him about the issue. Block also twice emailed Tecom's human resources representative about Joseph's allegation; that representative informed Block she would handle the incident going forward. In addition, McClosky: updated Block regarding steps he

had taken to handle the situation; and told Block not to have further contact with Tecom employees regarding the Joseph incident.

Block then had two more conversations with Joseph about the incident. During the first conversation, Joseph told Block no one from Tecom had contacted her, which Block reported to McClosky. McClosky told Block Tecom had assured him the company investigated the matter but could not substantiate Joseph's allegation. He also told Block a Tecom employee had filed a complaint with Exxon, alleging Block was spreading rumors about Taft. She was again told not to discuss the Joseph matter.

The next day, Block first contacted Kelly Services about the matter, reporting both Joseph's harassment claim and Taft's claim about Block. Block then met with the Kelly Services area manager and its Exxon on-site representative. They told her: she should have reported the incident to them sooner; and it was not appropriate to contact another company's human resources department. Block was told not to discuss the Joseph matter with anyone and not to contact the Tecom human resources department again.

Sometime after that meeting, Joseph informed Block she was seeking legal advice. Block then looked up the name of a lawyer in the telephone directory and provided it to Joseph. After admitting to Kelly Services supervisors she had given Joseph the name of an attorney, Block was removed from her assignment at Exxon for unprofessional conduct.

In June 2004, Block filed this action against Exxon and Kelly Services. Kelly Services moved for summary judgment in June 2005. In September 2005, Block settled with Exxon. Kelly Services was granted summary judgment in October 2005.

II.

A summary judgment is reviewed *de novo* under Federal Rule of Civil Procedure 56, using the same standard as the district court. *See, e.g.*, ***Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.***, 289 F.3d 373, 376 (5th Cir. 2002). Such judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c). Evidence is viewed in the light most favorable to the non-movant. *E.g.*, ***Kee v. City of Rowlett***, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001). If a plaintiff fails to prove an essential element of his claim, summary judgment must be granted. *E.g.*, ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322-23 (1986). The non-movant may not rest on the pleadings, but rather must provide specific facts showing the existence of a genuine issue for trial. *E.g.*, ***Ragas v. Tenn. Gas Pipeline Co.***, 136 F.3d 455, 458 (5th Cir. 1998).

To establish a Title VII retaliation claim, Block must first establish a prima facie case, showing that: (1) she engaged in

4

protected activity; and (2) her employer took adverse employment action against her (3) because of that activity. *See **Burger v. Cent. Apt. Mgmt., Inc.***, 168 F.3d 875, 878 (5th Cir. 1999). As it did in district court, Kelly Services concedes Block could establish a prima facie case.

Therefore, Kelly Services must demonstrate a legitimate, non-discriminatory reason for Block's termination. ***Shackelford v. DeLoitte & Touche, LLP***, 190 F.3d 398, 404 (5th Cir. 1999). If it meets its burden, the burden returns to Block to prove the proffered reason was a pretext, or, although not pretext, was only one of the reasons she was fired, another being her protected activity. ***Rachid v. Jack in the Box, Inc.***, 376 F.3d 305, 312 (5th Cir. 2004).

Obviously, insubordination can serve as a legitimate reason for an employer to take an adverse employment action against an employee. *E.g.*, ***Aldrup v. Caldera***, 274 F.3d 282, 286 (5th Cir. 2001). And, for summary-judgment purposes, the evidence establishes such action was taken against Block for failing to follow orders to stop discussing the Joseph allegation because it was being investigated by others. As the district court noted, an employer would, of course, violate Title VII if it ordered its employees not to raise Title VII violations and then took an adverse employment action against those who disobeyed that order.

5

Here, however, Kelly Services is not seeking to avoid liability for Title VII by simply ignoring violations and ordering its employees to do the same. As the district court also noted, when it was within Block's job responsibilities, she reported multiple harassment complaints without adverse consequences to her (including first reporting Joseph's complaint). It was only after ignoring directives that she no longer discuss the Joseph situation because it was being handled by others that Kelly Services, as a contractor seeking to avoid interfering with other contractors, removed Block from her position at Exxon.

It was unreasonable for Block to pursue the Joseph allegations *after* she was: (1) informed others were handling the investigation; and (2) directed not to talk about the matter. *See **Douglas v. DynMcDermott Petroleum Operations Co**., 144 F.3d 364, 373 (5th Cir. 1998), *cert. denied*, 525 U.S. 1068 (1999) (balancing Title VII interests with those of employer and holding conduct unprotected where plaintiff-attorney's otherwise protected conduct involved breach of professional duties as attorney). Kelly Services has therefore demonstrated a legitimate, non-discriminatory reason for removing Block from her assignment at Exxon.

Accordingly, the burden shifts to Block to demonstrate that reason was pretextual or part of a mixed-motive for Kelly Services' decision. In the light of the summary-judgment record, Block fails to do so.

### III.

For the foregoing reasons, the judgment is

**_AFFIRMED._**