IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-50257
Summary Calendar

LITTO B. BACAS,

Plaintiff–Appellant,

V.

FRANCIS J. HARVEY, Department of the Army,

Defendant–Appellee.

LITTO B. BACAS,

Plaintiff–Appellant,

V.

FRANCIS J. HARVEY, Secretary of the Army, Department of the Army,

Defendant–Appellee.

Appeal from the United States District Court for the
Western District of Texas
USDC No. 6:05-CV-348
USDC No. 6:05-CV-186

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.

Litto B. Bacas appeals from a grant of summary judgment in favor of defendant–appellee Frances J. Harvey, Secretary of the Army (Secretary). Bacas, who was formerly a civilian army employee, alleges that he was discriminated against because of his age, his race, his national origin, and in retaliation for equal employment opportunity (EEO) complaints. Bacas asserts that because of this discrimination, the following adverse employment actions occurred: (1) his employment was terminated; (2) he was not promoted; (3) a written reprimand was placed in his file for taking unauthorized leave; and (4) he was subjected to a hostile environment.

Bacas raises two issues on appeal. First, he contends that the district court erred in finding that the Merit Systems Protection Board's (MSPB's) decision to uphold Bacas's removal was supported by substantial evidence. Second, Bacas argues that the district court inappropriately granted summary judgment on his employment discrimination claims.

Because Bacas asserted his claims through the EEO process and through the MSPB process, this is a "mixed case."[1] Under 5 U.S.C. § 7703(c), we review Bacas's discrimination claims raised before the MSPB de novo.[2] Our review of the MSPB's decision to uphold Bacas's termination is limited to the administrative record, and the MSPB's determinations must be upheld "unless they are clearly arbitrary and capricious, unsupported by substantial evidence or otherwise not in accordance with law."[3]

The district court concluded that the decision to terminate Bacas was clearly supported by substantial evidence. We agree. Bacas filed inappropriate

---

R. 47.5.4.

[1] Aldrup v. Caldera, 274 F.3d 282, 286 (5th Cir. 2001).

[2] Id. at 285-86 (citing 5 U.S.C. § 7703(c)).

[3] Id. at 287 (citing 5 U.S.C. § 7703(c)).

leave requests, filed frivolous complaints of workplace violence against his co-workers, and falsely claimed to the military police that his supervisor assaulted him. Given Bacas's actions, the MSPB's decision to terminate his employment was made to promote the efficiency of the service and is supported by substantial evidence.[4]

Bacas argues that the district court erred in concluding that there are no genuine issues of material fact with regard to his claim that discrimination caused the selection of another candidate rather than him for a facilities manager position, his receipt of a written reprimand for unauthorized leave, and the termination of his employment. To establish a prima facie case for discrimination, Bacas must show that (1) he is a member of a protected class; (2) he suffered an adverse employment decision; (3) he was qualified for the position sought or held; and (4) the position sought was filled by someone outside of the protected class or persons not in the protected class were treated more favorably.[5] The Secretary can rebut Bacas's prima facie case by articulating a legitimate, non-discriminatory reason for the adverse action taken against Bacas.[6] Bacas may then rebut the Secretary's reason by proving (1) that the reason was merely a pretext for discrimination; or (2) "that the [Secretary's] reason, while true, is only one of the reasons for its conduct, and another motivating factor is [Bacas's] protected characteristic."[7]

---

[4] 5 U.S.C. § 7513 (a) ("Under regulations prescribed by the Office of Personnel Management, an agency may take an action covered by this subchapter [5 U.S.C. §§ 7511 et seq.] against an employee only for such cause as will promote the efficiency of the service.").

[5] Ross v. Univ. of Tex. at San Antonio, 139 F.3d 521, 526 (5th Cir. 1998).

[6] Marberry v. Vought Aircraft Co., 55 F.3d 1086, 1089 (5th Cir. 1995) (citations omitted).

[7] Rachid v. Jack in the Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004) (internal quotation marks and citations omitted).

Bacas claims that the failure to promote him to a facilities manager's position was based on unlawful discrimination. Even assuming Bacas established a prima facie case in the selection of Christopher Snodgrass—a candidate not sharing Bacas's protected characteristics—for the facilities manager position, the Secretary has articulated legitimate, nondiscriminatory reasons for promoting Snodgrass. A selection board comprised of two officers reviewed Snodgrass's and Bacas's resumes, and concluded that Snogradass was the best-qualified candidate because he had been a facilities manager in the past, had recent supervisory experience, and had recent health facility training.

To prove those reasons were pretextual, as Bacas contends, he must show that he was clearly better qualified.[8] Bacas asserts that he was clearly better qualified because he had a bachelor's and a master's degree while Snodgrass was only a high school graduate. However, the facilities manager position did not require college education. Further, the selection board credited Bacas with superior educational credentials, but still recommended Snodgrass based upon a consideration of each candidate's overall qualifications. Accordingly, Bacas has not countered the Secretary's legitimate, non-discriminatory reasons for promoting Snodgrass in lieu of Bacas.

Bacas fails to establish a prima facie case with regard to his having a written reprimand placed in his employment file for being absent without leave and for the termination of his employment. He fails to show anyone who engaged in similar misconduct being treated more favorably. Moreover, the Secretary has provided a legitimate, non-discriminatory reason for reprimanding Bacas. Bacas was notified that he was considered absent without leave for September 3-6, 2002. Bacas did not submit any documentation to account for his absence during this time period. In fact, he only offers his own unsupported

---

[8] Manning v. Chevron Chem. Co., L.L.C., 332 F.3d 874, 882 (5th Cir. 2003).

belief that the Secretary's reasons for the adverse employment actions were untrue. However, we have held "that an employee's subjective belief that he suffered an adverse employment action as a result of discrimination, without more, is not enough to survive a summary judgment motion, in the face of proof showing an adequate nondiscriminatory reason."[9]

The district court also granted the Secretary summary judgment on Bacas's hostile work environment claim. Bacas only references the facts in his brief; he does not inform us of an error.[10] Accordingly, the issue is waived.

*        *        *

For these reasons, the judgment of the district court is AFFIRMED.

---

[9] Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

[10] Al-Ra'id v. Ingle, 69 F.3d 28, 31 (5th Cir. 1995) ("An appellant's brief must contain an argument on the issues that are raised, in order that we, as a reviewing court, may know what action of the district court is being complained of.") (citations omitted) (emphasis in original).