# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 10, 2013

No. 12-60883
Summary Calendar

Lyle W. Cayce
Clerk

MICHAEL L. HASKINS,

Plaintiff-Appellant,

v.

R. JAMES NICHOLSON, Former Secretary, Department of Veteran Affairs;
GORDON H. MANSFIELD, Acting Secretary, Department of Veteran Affairs,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:07-CV-738

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Michael L. Haskins moves to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his "mixed case appeal" in which he sought review of a ruling by the Merit System Protection Board (MSPB) that upheld his termination from a Veterans Affairs (VA) facility in Jackson, Mississippi. Haskins was terminated from the VA after an internal investigatory board found

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60883

that the VA had proven the following charges by a preponderance of the evidence: (1) lack of candor, (2) inappropriate use of supervisory authority, (3) failing as a supervisor to uphold and to adhere to VA and Medical Center policies, (4) seeking unauthorized external assistance to modify or delete Medical Center information contained in a VA computer system, and (5) creating a hostile work environment for staff. The charges stemmed from Haskins's affair with Karen Blocker, a coworker; his lying under oath about the affair; his adversarial relationship with Karen Blocker's husband, who also worked in the VA; his inappropriate email correspondence with other female coworkers; and his asking a non-VA employee how to permanently erase email messages from his VA computer. Haskins filed a complaint with the MSPB challenging his termination. The MSPB affirmed his termination. Haskins appealed that decision to the full board, and it was again affirmed. He then contested the MSPB's decision in district court and raised race and sex discrimination claims and retaliation claims. Haskins also sought review of the adverse decision by the Equal Employment Opportunity Commission (EEOC) on his hostile work environment claim.

Haskins challenges the district court's dismissal of his complaint. He argues here that the district court erred in determining that the MSPB's decision was based on substantial evidence and erred in dismissing his discrimination, retaliation, and hostile work environment claims.

By moving to proceed IFP, Haskins challenges the certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). His IFP request "must be directed solely to the trial court's reasons for the certification decision," *id.*, and this court's inquiry "is limited to whether

the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks omitted).

In a "mixed-case" appeal from the MSPB, meaning a case that also includes discrimination-based claims, "discrimination claims raised administratively" are reviewed de novo. *Aldrup v. Caldera*, 274 F.3d 282, 285-86 (5th Cir. 2001) (citing 5 U.S.C. § 7703(c) (regarding judicial review of MSPB decisions)). On the other hand, we review "non-discrimination claims based on the administrative record, and will uphold the [MSPB]'s determinations unless they are clearly arbitrary and capricious, unsupported by substantial evidence or otherwise not in accordance with law." *Id.* at 287.

With regard to the MSPB's decision, Haskins has not shown that the decision was unsupported by substantial evidence. *See id.* He argues only that his supervisor's and other unidentified witnesses' testimonies were not credible. But the "evaluation of witness credibility is within the discretion of the [MSPB] and . . . in general, such evaluations are virtually unreviewable on appeal." *Kahn v. Dep't of Justice*, 618 F.3d 1306, 1313 (Fed. Cir. 2010) (internal quotation marks omitted). Haskins set forth no specific argument or evidence indicating that the five reasons for his termination were false or unsubstantiated.

Further, Haskins has not shown that the district court erred in dismissing his race and sex discrimination claims. Title VII prohibits discrimination in employment decisions on the basis of "race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination, a plaintiff must show that he is a member of a protected class, is qualified for the job, suffered an adverse employment action by the employer,

No. 12-60883

and was either replaced by someone outside his protected group or received less favorable treatment than a similarly situated individual outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

Once a plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the challenged employment action. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973); *McCoy*, 492 F.3d at 557. If the defendant succeeds in doing so, then the burden shifts back to the plaintiff to show that the defendant's reason is pretextual. *McCoy*, 492 F.3d at 557.

Haskins does not attempt to satisfy this burden. He does not address the district court's findings that he failed to identify a comparable employee who was treated favorably or that the defendants provided legitimate, non-pretextual reasons in connection with his race discrimination claim. Because he makes only general, conclusory allegations in connection with his race and sex discrimination claims, he has not shown that the district court erred in dismissing these claims. *See id.* at 556-57.

To establish a prima facie case of retaliation, "a plaintiff must show that (1) she participated in a Title VII protected activity, (2) she suffered an adverse employment action by her employer, and (3) there is a causal connection between the protected activity and the adverse action." *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009) (citing *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008)). Once a plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, nonretaliatory reason for the challenged employment action. *McDonnell Douglas*, 411 U.S. at 802-03; *McCoy*, 492 F.3d at 557. If the defendant succeeds in doing so, then the

No. 12-60883

burden shifts back to the plaintiff to show that the defendant's reason is a pretext for retaliation. *McCoy*, 492 F.3d at 557.

Haskins argues that he has established a prima facie case of retaliation because the VA terminated him after he filed a complaint with the EEOC. However, even if he has stated a prima facie claim, as the district court assumed, Haskins has not set forth any argument or evidence showing that the VA's five reasons for his discharge were pretextual; thus, he has not shown that the district court erred in dismissing his retaliation claim based on his termination. *See McDonnell Douglas*, 411 U.S. at 802-03. Likewise, Haskins has not shown that the VA's reason for cancelling his medical benefits was pretextual; his benefits were cancelled because he was terminated.

We find that Haskins has waived review of his hostile work environment claim because he has failed to address the district court's determination that his appeal from the EEOC's decision, which denied his hostile work environment claim, was untimely. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (stating that even pro se litigants are required to brief arguments in order to preserve them); *see also Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999) (stating that issues not raised in the brief are waived). That is, Haskins argues only the merits of his hostile work environment claim and does not address the timeliness issue. Similarly, Haskins fails to adequately brief any error connected to the charge that he was absent without leave (AWOL) or his claim that the VA's penalty was unreasonable or overly harsh. Those arguments have been abandoned. *See Yohey*, 985 F.2d at 224-25; *Hughes*, 191 F.3d at 613.

In light of the foregoing, Haskins has not demonstrated that he will raise a nonfrivolous issue on appeal. *See Howard*, 707 F.2d at 219-20. Accordingly,

No. 12-60883

Haskins's motion to proceed IFP is denied.  Because his appeal is frivolous, his appeal is dismissed.  *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.

IFP MOTION DENIED; APPEAL DISMISSED.