# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40686
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2014

Lyle W. Cayce
Clerk

CHARLES RAY NOBLE,

Plaintiff – Appellant

v.

LEAR SIEGLER SERVICES, INC.,

Defendant – Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:11-CV-181

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Appellant Charles Noble ("Noble"), an African-American male, appeals the dismissal of his claims of employment discrimination and retaliation under Title VII, 42 U.S.C. § 2000e, *et seq*., against Appellee Lear Siegler Services, Inc. (now known as URS Federal Support Services, Inc.) ("URS"). Noble was hired by URS, a federal contractor to the Red River Army Depot ("RRAD") in Texarkana, Texas, in August 2006 as a Motor Equipment Metal Mechanic, and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

worked onsite RRAD until his employment was terminated in April 2010.  In his complaint, Noble alleged that URS terminated him based on his race and retaliated against him after he filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in February 2010.   URS moved for summary judgment, arguing that Noble was terminated as a result of a reduction in work force required by the federal government.  The district court adopted a comprehensive and careful magistrate judge report, and granted URS's motion and dismissed Noble's claims.  Having little to add to the opinion below, we now affirm.

We review the district court's grant of summary judgment *de novo*, applying the same standards as the district court.  *St. Paul Surplus Lines Ins. Co. v. Settoon Towing, L.L.C.* (*In re Settoon Towing, L.L.C.*), 720 F.3d 268, 275 (5th Cir. 2013).  Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  We must view all facts and evidence in the light most favorable to the non-moving party when considering a motion for summary judgment.  *Dameware Dev., L.L.C. v. Am. Gen. Life Ins. Co.*, 688 F.3d 203, 206-07 (5th Cir. 2012) (citation omitted).

In analyzing Noble's Title VII claims, we apply *McDonnell Douglas Corp. v. Green*'s three-step, burden-shifting framework.  *Aldrup v. Caldera*, 274 F.3d 282, 286 (5th Cir. 2001) (citing *McDonnell Douglas Corp. v. Green* , 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).  Under *McDonnell Douglas*, Noble must first raise a genuine issue of fact as to each element of his *prima facie* case.  *See Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 317 (5th Cir. 2004).  Then, URS must articulate a legitimate, nondiscriminatory reason for the underlying employment action.  *Id*.  Finally, Noble must raise a genuine issue of material fact as to whether URS's proffered reason was merely a pretext for

unlawful action.  *Id.*  To establish a *prima facie* case of wrongful termination under Title VII, Noble must show that (1) he belongs to a protected group, (2) he was qualified for his position, (3) he suffered an adverse employment action, and (4) he was treated less favorably than a similarly situated employee outside of his protected class or was otherwise terminated because of a protected characteristic.  *See Rutherford v. Harris Cnty, Tex.*, 197 F.3d 179, 179 (5th Cir. 1999).  To establish a *prima facie* case of retaliation, Noble must show that (1) he participated in a Title VII protected activity, (2) he suffered an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse action.  *Stewart v. Mississippi Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009).

With respect to the wrongful termination claim, Noble has not established that he was treated less favorably than a similarly situated employee outside of his protected class or that he was terminated because he is African-American.  Although Noble asserts that five Caucasian men in his unit kept their jobs, he does not show that these comparators were under "nearly identical circumstances."  *Okoye v. The University of Texas Houston Health Center*, 245 F.3d 507, 514 (5th Cir. 2001).  Noble presents no evidence regarding the comparators' job descriptions, qualifications, experience, work and disciplinary history, or other information that would indicate that they were similarly situated.  As Noble submits no other evidence demonstrating that he was terminated on account of his race, he has not raised a genuine issue of material fact as to each element of his *prima facie* case.

Noble also cannot make out a *prima facie* retaliation claim.  The district court ruled that Noble's failure to respond to URS's request for admissions constituted an admission of the facts covered by the request.  Because Noble

does not argue that the district court erred in admitting these facts, he has waived any objection to them on appeal. *Cinel v. Connick*, 15. F.3d 1338, 1345 (5th Cir. 1994).  These facts include, *inter alia*, that URS did not retaliate against Noble on the basis of race, that Noble's termination was supported by a legitimate non-discriminatory reason, and that the termination was not in retaliation for protected conduct under Title VII. As a result of these admissions, Noble cannot show a causal link between his EEOC claim and his termination, which is necessary to make out a *prime facie* retaliation claim.

Accordingly, we AFFIRM the judgment of the district court.

4