# United States Court of Appeals for the Fifth Circuit

───────────────

No. 23-10742
Summary Calendar

───────────────

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2024

Lyle W. Cayce
Clerk

Richard Leroy Luft,

*Plaintiff—Appellant*,

*versus*

Department of the Army,

*Defendant—Appellee*.

───────────────────────────────────

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CV-289

───────────────────────────────────

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Richard Luft previously worked as a civilian employee—an architect—of the United States Army Corps of Engineers ("the Corps"). In July 2016, he was promoted from a GS-11 position to a GS-12 position. Dissatisfied with Luft's performance in the new position, Luft's supervisor placed him on an informal performance improvement plan in

───────────────────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10742

November 2019. The informal plan was replaced by a formal performance improvement plan in July 2020. On December 3, 2020, the Corps terminated Luft's employment on grounds of "unsatisfactory performance." *See* 5 U.S.C. §§ 4301–4305.

Luft timely appealed the Corps' decision to the Merit Systems Protection Board ("MSPB"), claiming that his removal was unjust because his work had been unfairly judged and alleging, as an affirmative defense, that his supervisor had discriminated against him based on his disability. *See* 5 U.S.C. § 7702. After compiling a comprehensive evidentiary record and conducting a hearing, the ALJ issued a forty-page decision that considered and rejected Luft's claims. The ALJ found substantial evidence to support the Corps' conclusion that Luft's job performance was unacceptable and no evidence of disparate treatment or lack of reasonable accommodation.

Thereafter, Luft, proceeding *pro se*, sought judicial review of the MSPB's determination that the Corps' termination of his employment was proper, and claimed that the Corps' action was discriminatory and prohibited by the Rehabilitation Act, 29 U.S.C. § 791, *et seq*. Because the Federal Circuit is empowered to review MSPB decisions on civil service claims, but lacks authority over claims arising under antidiscrimination laws, judicial review in such "mixed" cases is provided by federal district courts. *See* 5 U.S.C. § 7702 (e)(1)(b); 5 U.S.C. § 7703(b)(1)(A), (b)(2), (c); *Kloeckner v. Solis*, 568 U.S. 41, 56 (2012); *Perry v. Merit Sys. Prot. Bd.,* 582 U.S. 420, 432 (2017); *Blake v. Dep't of Air Force*, 794 F.2d 170, 172 (5th Cir. 1986).

The district court granted summary judgment in the Corps' favor and dismissed the case with prejudice, reasoning that the MSPB's decision was not arbitrary or capricious, and is supported by substantial evidence in the record. Additionally, the court concluded, Luft had not borne his summary

2

judgment evidentiary burden relative to his disability discrimination claim. This appeal followed.

We "review[] non-discrimination claims presented to the MSPB based on the administrative record 'and will uphold the [MSPB's] determinations unless they are clearly arbitrary and capricious, unsupported by substantial evidence or otherwise not in accordance with law.'" *Williams v. Wynne,* 533 F.3d 360, 373 (5th Cir. 2008) (quoting *Aldrup v. Caldera,* 274 F.3d 282, 286-87 (5th Cir. 2001)). Our review of the district court's summary judgment dismissal of Luft's discrimination claim is de novo. *Aldrup,* 274 F.3d at 285-86 (5th Cir. 2001)).

Having carefully reviewed the record, applicable law, and the parties' submissions, we find no reversible error in the district court's rulings. As outlined in the ALJ's lengthy and careful analysis of the evidence and controlling legal standards, the MSPB's decision upholding Luft's removal for unsatisfactory performance is supported by substantial evidence. Nor has the Corps' employment decision been shown to be arbitrary or capricious. And, as the district court reasoned, Luft's evidentiary showing relative to his discrimination claim—consisting primarily of his own unsubstantiated assertions of the quality of his work and subjective disagreement with his supervisor's and team members' work methods and expectations—falls far short of establishing the existence of triable disputes regarding the reason his employment was terminated.

Accordingly, the judgment of the district court is AFFIRMED.