United States Court of Appeals
Fifth Circuit

**F I L E D**

August 25, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 03-60455
_____

TERRELL L GIBSON,

Plaintiff-Appellant,

versus

UNITED STATES POSTAL SERVICE; AMERICAN POSTAL
WORKERS UNION,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi

Before KING, Chief Judge, REAVLEY, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Former postal worker Terrell Gibson appeals the district court's dismissal of his hybrid action under 39 U.S.C. § 1208(b), against defendant American Postal Workers Union ("Union"). Gibson also appeals the district court's grant of summary judgment in favor of defendant United States Postal Service ("USPS"). We find that the district court properly granted the USPS summary judgment and the Union a partial dismissal.

-1-

Terrell Gibson was terminated by the USPS for falsifying medical documentation in connection with a work absence. After Gibson received a notice of removal, the local union filed a grievance pursuant to the collective bargaining agreement ("CBA") between the Union and the USPS. Before arbitration of the grievance began, Gibson appealed to the Merit Systems Protection Board ("MSPB") challenging his removal from the USPS. Following a paper hearing before the MSPB, the Union withdrew the grievance without arbitration. Subsequently, the MSPB issued a final decision affirming Gibson's removal.

Four months after the final MSPB decision, Gibson filed the instant lawsuit against the USPS and the Union alleging that the USPS breached the CBA and that the Union breached its duty of fair representation. The district court granted the Union's motion to dismiss under FED. R. CIV. P. 12(b)(6) for failure to state a claim, determining that the action was barred by the statute of limitations. In a second order the district court granted the USPS's motion for summary judgment, concluding that Gibson's claim that the USPS breached the CBA was precluded because the decision of the MSPB operated as res judicata. Gibson's claim was therefore dismissed with prejudice.

On appeal, Gibson asserts that the district court erred in granting summary judgment in favor of the USPS. We review the district court's grant of summary judgment *de novo*. *Haley v. Townley*, 45 F.3d 914, 917 (5th Cir.1995). Summary judgment is appropriate when, considering all of the allegations and evidence, and drawing all inferences in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994).

Gibson's claims against the USPS and the Union are analogous to a hybrid action under § 301

of the Labor Management Relations Act, 29 U.S.C. § 185.[1]  Hybrid § 301 actions are comprised of two elements: 1) an allegation that the employer breached the collective bargaining agreement; and 2) an allegation that the union breached its duty of fair representation.  *See Thomas v. LTV Corp,*. 39 F.3d 611, 621 (5th Cir. 1994) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983)).  Such an action may be brought against either the employer, the union, or both; regardless, both elements must be proven.  *See id.*  ("[T]he two claims are inextricably interdependent[.]").

Before Gibson initiated the instant hybrid § 301 claim, the MSPB issued a final order concluding that the USPS did not breach the CBA when it terminated Gibson.  Gibson had 60 days to seek review of the final MSPB order by filing a petition for review in the Court of Appeals for the Federal Circuit.  See 5 U.S.C. § 7703.  Gibson failed to timely appeal and the MSPB decision became final.  The district court determined that this MSPB decision barred Gibson's hybrid § 301 action.  A prior judgment is given res judicata effect if the parties are identical in both suits, the prior judgment has been rendered by a court of competent jurisdiction, there is a final judgment on the merits, and the same cause of action is involved in both cases.  *In re Intelogic Trace, Inc.* 200 F. 3d 382, 386 (5th Cir. 2000).  "When an administrative agency is acting in a judicial capacity and resolves the disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose."  *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966).  Gibson contends that res judicata was erroneously applied as a bar to his cause of action because the MSPB was not acting in a judicial capacity.  He

---

[1]Although 39 U.S.C. § 1208(b) grants federal courts jurisdiction of disputes arising under collective bargaining agreements executed by the USPS, § 1208(b)  is the analogue to section 301(a) of the Labor Management Relations Act, and the law under §301 is fully applicable to suits brought under § 1208(b).  *See McNair v. USPS,* 768 F.2d 730, 735 (5th Cir. 1985). Accordingly, Gibson's claim will be referred to hereafter as a § 301 claim.

argues that he was not represented by counsel before the MSPB, the administrative judge ("AJ") was biased and unlawfully shifted the burden of proof and the AJ failed to provide conclusions of law and legal reasoning.

Appellants before the MSPB have the right to a hearing and to be represented by counsel. 5 U.S.C. § 7701. Moreover, any errors by the MSPB can be corrected on appeal to the Federal Circuit. *See* 5 U.S.C. § 7703 (c) (1996). Therefore, MSPB decisions warrant application of the doctrine of res judicata. *See Long v . United States Dept. of Air Force,* 751 F.2d 339, 343 (10th Cir. 1984) (giving res judicata effect to adjudication by the MSPB). Here, Gibson was informed of his right to counsel and agreed to a paper hearing. Gibson's failure to appeal to the Federal Circuit does not alter our conclusion that the MSPB acted in a judicial capacity. Gibson and the USPS were the parties in the action before the MSPB and in this case, the issue of breach of the CBA was the same in both actions, and the MSPB decision was final. Thus, the district court correctly applied the doctrine of res judicata to the decision of the MSPB.[2] Consequently, Gibson could not prove that the USPS breached the CBA, a required element of his hybrid § 301 claim. The district court's grant of summary judgment in favor of the USPS was correct.

Gibson next argues that the district court erred in dismissing his case against the Union because it incorrectly found his claim to be barred by the statute of limitations. We do not need to address this argument because Gibson cannot establish his claim against the Union. As explained

---

[2]Moreover, the district court's procedural rulings were correct. The district court did not abuse its discretion in denying Gibson's FED. R. CIV. P. 56(f) motion because he did not explain how additional discovery would create a genuine issue of material fact. *See Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999). Contrary to Gibson's assertions, the district court complied with Rule 56(c) because Gibson had more than ten days to respond to the USPS's summary judgment motion. *See Jackson v. Widnall*, 99 F.3d 710, 713 (5th Cir. 1996).

above, the issue of whether the USPS breached the CBA was decided by the MSPB. Gibson is thus barred by the doctrine of nonmutual collateral estoppel from establishing this essential element of his claim against the Union. *See United States v. Mollier,* 853 F.2d 1169, 1175 n.7 (5th Cir. 1988) ("[T]he principle of non-mutual collateral estoppel is that if a litigant has fully and fairly litigated an issue and lost, then third parties unrelated to the original action can bar the litigant from re-litigating that same issue in a subsequent suit."); *Cf. Russell v. SunAmerica Sec., Inc.,* 962 F.2d 1169, 1172 (5th Cir. 1992) (The doct rine of res judicata maybe raised *sua sponte* because the court may not ignore the legal effect of uncontroverted facts or decline to consider the application of controlling rules of law to dispositive facts merely because res judicata was not specifically plead.). As Gibson cannot prevail against the Union, the district court order dismissing the Union is AFFIRMED.

AFFIRMED.