United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-30482
Summary Calendar

---

KIRK RANDALL MENARD,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA, on behalf of National Instant
Criminal Background System, on behalf of United States
Bureau of Alcohol, Tobacco and Firearms, on behalf of
Federal Bureau of Investigation,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:03-CV-1399
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

Kirk Randall Menard appeals the district court's grant of
summary judgment in favor of the defendants in his civil lawsuit
pursuant to 18 U.S.C. § 925A, arising out of his inability to
purchase firearms as a result of his 1991 felony convictions.
Menard argues that he was improperly denied the right to purchase
firearms because the Louisiana Constitution restored his civil
rights and his convictions were set aside and expunged.  He also

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the National Instant Criminal Background Check System ("NICS") erroneously calculated when the state firearms disability ends based on an improper determination of when his probation was completed.

Having conducted a de novo review, see Gibson v. U.S. Postal Serv., 380 F.3d 886, 888 (5th Cir. 2004), we conclude that for substantially the same reasons articulated by the district court in its dismissal order, the district court's judgment is AFFIRMED. Menard also argues that the district court failed to recognize that his claim that LA. REV. STAT. § 14:95.1 is unconstitutional presented a genuine issue in controversy. We conclude that this issue is inadequately briefed. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.