UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 20, 2006[*]
Decided December 21, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-2432

| | |
|---|---|
| MELLONDIE BENSON, <br>     *Plaintiff-Appellant*, <br><br>   *v.* <br><br> JOHN E. POTTER, Postmaster <br> General, et al., <br>     *Defendants-Appellees*. | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 04 C 1607 <br><br> Larry J. McKinney, <br> *Chief Judge.* |

**O R D E R**

Mellondie Benson was fired by her employer, the United States Postal Service, because she secretly recorded a conversation with her supervisors and, after they found out, repeatedly refused instructions to turn over the tape. Recording work-related conversations and disobeying supervisors' instructions are both specifically prohibited under the terms of the Postal Service's employee handbook, the Employee and Labor Relations Manual ("ELM"). Benson, a member of the American Postal Workers Union and its Indianapolis-area affiliate

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

(collectively "the Union"), asked a shop steward to file a grievance on her behalf, and the Union pursued her case all the way through arbitration. The arbitrator found that the Postal Service had just cause for terminating Benson's employment, as required by the collective bargaining agreement ("CBA") between the Union and Postal Service.

After unsuccessfully bringing a charge against the Union with the National Labor Relations Board, Benson filed this hybrid action against the Postal Service and the Union. A hybrid suit consists of a claim that the employer breached the collective bargaining agreement and a claim that the union breached its duty of fair representation. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983). The claims are "inextricably interdependent"; neither is sustainable if the other fails. *Id.* at 164-65; *see Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003); *McLeod v. Arrow Marine Transp., Inc.*, 258 F.3d 608, 613 (7th Cir. 2001). A typical hybrid claim stems from § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, but where the employer is the Postal Service, the suit is grounded in 39 U.S.C. § 1208(b). *E.g., Gibson v. USPS*, 380 F.3d 886, 888-89 & 888 n.1 (5th Cir. 2004). In either case, the same law applies. *See id.* Here, the district court determined that Benson did not demonstrate that the Union acted arbitrarily, discriminatorily, or in bad faith in its handling of her grievance. *See Vaca v. Sipes*, 386 U.S. 171, 190 (1967); *Neal*, 349 F.3d at 369. Accordingly, it concluded that the entire action failed and granted summary judgment for the defendants.

On appeal Benson principally argues that, although the Union shepherded her grievance all the way through arbitration, its advocacy was merely perfunctory. *See Vaca*, 386 U.S. at 191; *Neal*, 349 F.3d at 363. In order to prevail she must establish not just that the union's representation was inadequate but also that it adversely affected the outcome of arbitration. *See Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 568 (1976); *Garrison v. Cassens Transp. Co.,* 334 F.3d 528, 539 (6th Cir. 2003); *Garcia v. Zenith Elecs. Corp.,* 58 F.3d 1171, 1176-77 (7th Cir. 1995).

On this record, Benson is hard-pressed to demonstrate that the district court erroneously concluded that the Union fulfilled its duty of fair representation. The Union argued that the Postal Service lacked just cause for Benson's termination and reasserted this position throughout the grievance process. The arbitration award supports the Union's position that it advocated zealously on Benson's behalf; the arbitrator's order devoted three pages to summarizing the Union's arguments for reinstating her. *See Garcia,* 58 F.3d at 1178-79. The attention given to Benson's grievance does not support the conclusion that the Union acted "without concern or solicitude" or gave Benson's grievance "only cursory attention." *Martin v. American Airlines, Inc.*, 390 F.3d 601, 606-07 (8th Cir. 2004) (citation omitted).

Moreover, Benson did not establish that the Union's allegedly deficient performance caused the unfavorable outcome of the arbitration. As the district court noted, the case against Benson was straightforward: she violated one rule by recording a conversation with her supervisors and another by not complying with instructions to turn over the tape. Benson admitted to the conduct underlying the rule violations, and the arbitrator did not find her excuses credible because she gave contradictory testimony. Thus, as the district court reasoned, the arbitrator's decision cannot be attributed to "a failure on the part of the Union in the presentation of the case."

Benson cites several examples of what she characterizes as arbitrary conduct by the Union, but none supports her argument that the district court erroneously concluded that the Union did not breach its duty. For example, Benson asserts that the Union failed to investigate her grievance, but the record shows that Union representatives gave Benson's complaint immediate attention and conducted thorough fact-finding during the early stages of the grievance process and in preparation for the arbitration hearing. Benson also maintains that the Union arbitrarily refused to give her a choice of arbitration representatives, but, as the district court explained, no such right exists with respect to the arbitration of grievances under the CBA. Rather, the Union's internal rules allow a member charged with an infraction against the Union to select his or her representative. Finally, Benson contends that she should have been invited to the meeting between her shop steward and the Postal Service designee at step two of the grievance process, but nothing in the ELM or the CBA requires the grievant's presence at that stage. At best, Benson's objections to the Union's handling of her grievance amount to disagreement with its strategy. But a union's strategic choices are entitled to deference unless they are irrational, discriminatory, or in bad faith, *see Garcia*, 53 F.3d at 1177, and its conduct must fall outside a "wide range of reasonableness" in order to violate is duty of fair representation, *see McLeod*, 258 F.3d at 613 (citation omitted).

We note that Benson also asserts that the Union "did not afford [her] the same representation as it would its male members," but she does not develop or support this contention, and it therefore is waived. *See Culver v. Gorman & Co.*, 416 F.3d 540, 550 (7th Cir. 2005).

Having concluded that Benson did not establish arbitrary, discriminatory, or bad-faith conduct on the part of the Union, we need not delve into whether the Postal Service breached the CBA by firing her. The district court properly granted summary judgment for the defendants.

AFFIRMED.