**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-20712
Summary Calendar

DONNA J ARENSDORF

Plaintiff - Appellant

v.

TIMOTHY F GEITHNER, Secretary of the Treasury

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-3324

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

At issue are numerous claims by Donna J. Arensdorf, a former Internal Revenue Service (IRS) employee, against the IRS, arising out of its termination of her employment. Arensdorf appeals an adverse summary judgment on all claims.

Arensdorf was employed as an IRS revenue officer from October 1985 until August 2005, ultimately reaching the GS-11 classification. Arensdorf received

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

poor performance reviews from her supervisor, Gibson, on various evaluations in November 2003, and February and June 2004, including overall performance ratings of "unacceptable" on her mid-year progress review and her annual performance appraisal. In August 2004, she was given an "Opportunity Letter" by Gibson. That letter established a 90-day "Performance Improvement Period", during which Arensdorf was to improve her performance (or face termination); identified specific instances of Arensdorf's shortcomings, including missed deadlines and omissions in her case files; provided or referenced applicable IRS standards for the deficiencies identified; and described other resources that she could use to improve her performance.

The day after she received the Opportunity Letter, Arensdorf began a six-month sick leave. When Arensdorf returned to work in March 2005, Gibson immediately reissued the Opportunity Letter, giving her an additional 90 days to improve her performance; she was provided with an "On the Job Instructor", to assist with case management; and her cases were reviewed on a bi-weekly basis by Gibson and also, at times, by Gibson's supervisor. At the end of this 90-day period, Arnold proposed Arensdorf's termination; the area manager approved Arnold's proposal; and, in August 2005, Arensdorf was terminated.

That month, Arensdorf filed a complaint with the Merit System Protection Board (MSPB), challenging her termination. The MSPB sustained her termination. Arensdorf appealed that decision to the full board, and it was again sustained. She next contested the MSPB's decision in district court.

There, Arensdorf urged claims for sex and age discrimination, sexual harassment, hostile-work environment, and retaliation. In addition to her discrimination-based claims, she also urged several non-discrimination-based claims, largely consisting of challenges to the MSPB decision and the means used to arrived at that decision; and a retaliation claim under the Whistleblower

Protection Act, 5 U.S.C. § 2302. In September 2008, the district court granted summary judgment to the IRS on all claims.

Arensdorf presents ten issues for review. These contentions essentially challenge the summary judgment, which is reviewed *de novo*. *E.g.*, *Gibson v. U.S. Postal Serv.*, 380 F.3d 886, 888 (5th Cir. 2004). "Summary judgment is appropriate when, considering all of the allegations and evidence, and drawing all inferences in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Additionally, we may affirm the summary judgment on any grounds supported by the record. *E.g.*, *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007), *cert. denied* 128 S. Ct. 1124 (2008).

In a "mixed case" appeal from the MSPB (discrimination-based and non-discrimination-based claims), "discrimination claims raised administratively" are reviewed *de novo*. *Aldrup v. Caldera*, 274 F.3d 282, 285-86 (5th Cir. 2001) (citing 5 U.S.C. § 7703(c) (regarding judicial review of MSPB decisions)). On the other hand, "non-discrimination claims based on the administrative record" are reviewed with deference; we "will uphold the [MSPB]'s determinations unless they are clearly arbitrary and capricious, unsupported by substantial evidence or otherwise not in accordance with law". *Id.* at 287. Essentially for the reasons stated by the district court in its comprehensive opinion, the judgment is affirmed.

To establish a *prima facie* case of sex discrimination under Title VII of the Civil Rights Act of 1964, Arensdorf "was required to show: (1) she is a member of a protected class; (2) she was qualified for the position she sought; (3) she suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably". *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (citing *Willis v. Coca Cola Enters.,*

*Inc.*, 445 F.3d 413, 420 (5th Cir. 2006)); *see also* 42 U.S.C. § 2000e *et seq.* Arensdorf fails to establish a *prima facie* case of sex discrimination because, *inter alia*, "she offers no evidence that she was qualified for her position". *Arensdorf v. Paulson*, No. 4:06-CV-3324 (S.D. Tex. 29 Sep. 2008) (unpublished). The record contains ample documentation of her deficient job performance.

Arensdorf's age-discrimination claim fails for essentially the same reason. To establish a *prima facie* case of age discrimination under the Age Discrimination in Employment Act, Arensdorf was required to show: "(1) [s]he was discharged; (2) [s]he was qualified for the position; (3) [s]he was within the protected class at the time of discharge; and (4) [s]he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of h[er] age". *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 753 (5th Cir. 2005) (quoting *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005)); *see also* 29 U.S.C. § 623 *et seq.* Arensdorf fails to establish a *prima facie* case of age discrimination because, *inter alia*, she fails to show she is qualified for her position.

Arensdorf's sexual-harassment and hostile-work-environment claims fail as well. To establish a *prima facie* case of sexual harassment under Title VII, Arensdorf was required to show that: "(1) . . . [she] belongs to a protected class; (2) . . . [she] was subject to unwelcome sexual harassment; (3) . . . the harassment was based on sex; and (4) . . . the harassment affected a term, condition, or privilege of employment". *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 479 (5th Cir. 2008) (quoting *Lauderdale v. Tex. Dep't of Criminal Justice, Institutional Div.*, 512 F.3d 157, 163 (5th Cir. 2007)). Similarly, to establish a *prima facie* case of hostile-work environment, Arensdorf was required to show that: "(1) she belongs to a protected class; (2) was subjected to unwelcome sexual [or racial] harassment; (3) the harassment was based on her sex [or race]; (4) the harassment affected a term, condition, or privilege of her

employment; and (5) [her employer] knew or should have known of the harassment and failed to take remedial action". *Cain v. Blackwell*, 246 F.3d 758, 760 (5th Cir. 2001) (addressing a sexually-hostile work environment); *see also Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (addressing a racially-hostile work environment). Arensdorf complains, *inter alia*, of workplace teasing, ridicule, and criticism. Even assuming Arensdorf satisfies the other requirements for these claims, she has not shown the severity of harassment necessary to establish a *prima facie* case of sexual harassment and a hostile-work environment. *See, e.g.*, *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007) ("simple teasing, offhand comments, and isolated incidents, (unless extremely serious) will not amount to discriminatory charges that can survive summary judgment" (internal quotation marks and citation omitted)).

To establish a *prima facie* case of retaliation, the last of her discrimination-based claims, Arensdorf was required to "show that: (1) she participated in an activity protected by Title VII; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the materially adverse action". *Aryain*, 534 F.3d at 484 (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007)). The protected activity cited by Arensdorf was her filing Equal Employment Opportunity complaints involving her supervisors in July and September 2004, approximately one year prior to her termination. Arensdorf provided no evidence, other than her own assertions, of the requisite causal connection. In any event, even assuming Arensdorf has established a *prima facie* case of retaliation, the IRS met its shifted burden by articulating a legitimate, non-retaliatory reason (deficient job performance) for her termination. *See id.* Accordingly, to avoid summary judgment, Arensdorf was

required to show the IRS' reason for terminating her was pretext. *See id.* The record contains substantial documentation of her deficient job performance.

Arensdorf's other claims concern general sufficiency-of-the-evidence and genuine-issue-of-material-fact challenges; the IRS' claimed failure to comply with the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111 (codified in scattered sections of 5 U.S.C.); the tapes of her MSPB hearing containing "gaps"; and claimed retaliation by the IRS, in violation of the Whistleblower Protection Act, 5 U.S.C. § 2302.

None of these claims has merit. The sufficiency-of-the-evidence and general-issue-of-material fact challenges were essentially addressed *supra*; Arensdorf did not meet her burden with respect to the discrimination-based claims, and the IRS provided ample evidence of her deficient job performance.

Arensdorf's claims based on the Civil Service Reform Act essentially concern the means used by the IRS to arrive at the termination decision and by the MSPB to review it. The MSPB addressed and rejected these claims as they pertain to the IRS' actions; and the district court conducted its review using the appropriate, deferential standard. *See Aldrup*, 274 F.3d at 287; *Girling Health Care, Inc. v. Shalala*, 85 F.3d 211, 215 (5th Cir. 1996). The MSPB's decision affirming Arensdorf's termination is in accordance with the law and supported by substantial evidence.

Arensdorf's claims regarding purported "gaps" in the tapes of the MSPB hearing were reviewed by the district court; it found the tapes to be complete. Arensdorf has not shown clear error. *E.g.*, *Garcia v. LumaCorp, Inc.*, 429 F.3d 549, 553 (5th Cir. 2005).

Finally, Arensdorf devotes a few sentences to the whistleblower retaliation claim without citations to the record or case law. Accordingly, this claim is waived as inadequately briefed. *E.g.*, *Adams v. Unione Mediterranea Di Sicurta*,

364 F.3d 646, 653 (5th Cir. 2004) ("Issues not raised or inadequately briefed on appeal are waived.").

AFFIRMED.