# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3409

_____

Victor Ziegler, Sr.

*Plaintiff - Appellant*

v.

Ken Salazar, Secretary Department of Interior; Pat Ragsdale, Gov. Official; Carl Renville, Gov. Official

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: June 6, 2014
Filed: June 16, 2014
[Unpublished]

_____

Before BYE, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Victor R. Ziegler, Sr. appeals the dismissal with prejudice of his complaint against the Department of Interior (agency), in which he alleged claims related to a settlement agreement. After de novo review, this court concludes the district court properly dismissed Ziegler's claims that the agency breached the settlement

agreement by failing to pay him the correct amount of settlement award money based on overtime and interest calculations. Those claims were barred by res judicata, as they had been previously litigated in *Ziegler v. Department of Interior*, 2010 M.S.P.B. LEXIS 1613 (Apr. 6, 2010), *petition for review denied*, 116 M.S.P.R. 84 (Dec. 8, 2010) (*Ziegler I*). *See Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008) (standard of review; elements of res judicata doctrine); *Gibson v. U.S. Postal Serv.*, 380 F.3d 886, 889 (5th Cir. 2004) (Merit Systems Protection Board decisions receive res judicata effect).

Res judicata does not bar Ziegler's claim that the agency violated the requirements for obtaining a waiver of his rights under the Age Discrimination in Employment Act (ADEA). *See* 29 U.S.C. § 626(f) (requirements for obtaining waiver of ADEA rights or claims). This invalid-ADEA-waiver claim presents a different cause of action than the claims litigated in *Ziegler I*. The claim that the agency violated statutory requirements when it bargained for and obtained Ziegler's ADEA waiver arose out of a different nucleus of operative facts, and seeks redress for a different act of wrongdoing than the *Ziegler I* claims that the agency subsequently breached the settlement agreement by not paying the correct settlement amount. *See Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 896 (8th Cir. 2005) (under res judicata, same-cause-of-action element turns on whether claims arose out of same nucleus of operative facts, or whether wrong for which redress is sought is same in both actions). Ziegler's invalid-ADEA-waiver claim is also not barred by collateral estoppel, as the merit of that claim has not been litigated previously or determined in the administrative adjudications. *See Ginters v. Frazier*, 614 F.3d 822, 826 (8th Cir. 2010) (elements of collateral estoppel doctrine).

This court reverses the dismissal of Ziegler's claim that his ADEA waiver was obtained in violation of 29 U.S.C. § 626(f), and remands for further proceedings on this claim. In all other respects, the judgment is affirmed.

_____