**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1027
_____

CLARENCE C. HOUSER, JR.,
                              Appellant
v.

POSTMASTER GENERAL OF THE UNITED STATES
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-12-cv-01024)
District Judge:  Honorable Magistrate Judge Cathy Bissoon
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 25, 2014

Before:  FISHER, VANASKIE and ALDISERT, Circuit Judges

(Opinion filed: July 28, 2014)
_____

OPINION
_____

PER CURIAM

        Clarence C. Houser, Jr., appeals from an order of the United States District Court

for the Western District of Pennsylvania, which granted the Defendant's motion to

dismiss his complaint (the "second lawsuit").  We will affirm the District Court's

judgment.

Houser was formerly employed by the United States Postal Service. In 2009, while still employed, Houser filed a lawsuit (the "first lawsuit") against the Postmaster General ("the Defendant"), alleging that the Defendant discriminated against him and retaliated against him based on injuries he incurred in August 2007 and April 2008. The District Court granted the Defendant's motion to dismiss Houser's claims of age discrimination, slander, and retaliation, but allowed his claims under the Rehabilitation Act to proceed. The District Court later granted Defendant's motion for summary judgment on the Rehabilitation Act claims, finding that Houser did not suffer from a "disability" as defined in the Act, and that he failed to show that the Defendant required him to perform work beyond his medical restrictions. Houser did not appeal.

Four months after he filed the first lawsuit, Houser was terminated from his position for "willful misconduct" and violations of work rules. In July 2012, a little over three years later, Houser filed this second lawsuit. Houser filed an original complaint, two amended complaints, and other motions and responses containing factual allegations and statutory citations. The District Court generously considered all of Houser's filings, despite their procedural shortcomings, in granting Defendant's motion to dismiss.[1] Applying plenary review, see Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008), we find no error in the District Court's judgment.

---

[1]     The original complaint consisted of two sentences, with an attached May 23, 2012 decision from the United States EEOC, Office of Federal Operations, denying Houser's motion for reconsideration of its October 25, 2011 decision. The First Amended complaint contained two paragraphs; the Second Amended Complaint consisted of two pages. Houser's subsequent filings continued to add claims and name additional federal statutes that he believed had been violated.

2

We agree with the District Court that many of Houser's claims are barred by res judicata, as they were raised, or could have been raised, in the first lawsuit. See Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169, 173 (3d Cir. 2009). We further agree, nonetheless, that Houser's filings consist of (1) claims that are untimely, e.g., (a) his claims under the Family Medical Leave Act; see 29 U.S.C. § 2617(c)(1) & (2); see also Nevada Dep't of Human Res. v. Hibbs, 538 U.S. 721, 739-40 (2003), (b) his claims of a violation of the labor agreement with the National Association of Letter Carriers ("NALC"), see DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 172 (1983); (2) claims that are unexhausted, e.g., his claims of disability discrimination, see Wilson v. MVM, Inc., 475 F.3d 166, 174 (3d Cir. 2007); or (3) allegations that otherwise fail to state a claim upon which relief may be granted, e.g., his claims referring to "color of law," "the Whistle Blower Act," OSHA, and FELA (no allegations in his filings relate to these statutes); his age discrimination and retaliation claims (the pleadings do not make any reference to allegations that raise a reasonable expectation that discovery would reveal that he was treated differently because of his age, nor that he engaged in any protected activity that resulted in retaliation), see Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009); see also Slagle v. Cnty. of Clarion, 435 F.3d 262, 265 (3d Cir. 2006); and his claims of a violation of the agreement with the NALC (filings contain no allegation of a breach of duty by union), see generally 39 U.S.C. § 1208(b); see also Yeftich v. Navistar, Inc., 722 F.3d 911, 914 (7th Cir. 2013).[2]

---

[2] "Although 39 U.S.C. § 1208(b) grants federal courts jurisdiction [over] disputes arising under collective bargaining agreements executed by the [Postal Service], §

3

For essentially the same reasons cited by the District Court, we will affirm the

District Court's judgment.[3]

---

1208(b) is the analogue to section 301(a) of the Labor Management Relations Act, and the law under § 301 is fully applicable to suits brought under § 1208(b)." See <u>Gibson v. United States Postal Serv.</u>, 380 F.3d 886, 889 n.1 (5th Cir. 2004).

[3] Houser filed a "Supplemental Brief" in our Court without seeking leave to do so. We have received it for our information only, but note that the arguments contained therein make no difference to our decision, as they do not change our conclusion that his FMLA claims were untimely and that he failed to state a claim with regard to any discrimination claims.