# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 10, 2023

Lyle W. Cayce
Clerk

No. 22-30312

---

Jeanelle D. Cooper, *as the personal representative of* Mr. James L. Cooper, *for substitution in place and stead of* Mr. James L. Cooper, *deceased*,

*Plaintiff—Appellant*,

*versus*

Cornerstone Chemical Company,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-1454

---

Before Jones, Willett, and Douglas, *Circuit Judges*.

Per Curiam:*

Appellant Jeanelle D. Cooper, on behalf of the estate of her late husband James Cooper, challenges the district court's order granting

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

summary judgment for Appellee Cornerstone Chemical Company.[1]  For the following reasons, we AFFIRM.

## BACKGROUND

James Cooper worked for Cornerstone Chemical Company and its predecessor companies from April 1991 until his termination in February 2020.  During his employment, Cooper was a member of United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, Local USW 13-447.  The collective bargaining agreement ("CBA") between Cornerstone and the Union consequently governed Cooper's employment.

Cooper became a full-time crane operator in 2010.  In March 2018, he received a seven-day suspension for "deliberate misrepresentation or concealment of evidence."  Cornerstone then terminated Cooper in May 2018 after he struck his crane against a post near a fuel pump.  Cornerstone, however, revoked Cooper's termination, and the parties entered a last chance agreement ("LCA").  That agreement required compliance with "all Cornerstone Chemical Company's policies, procedures and work standards," and stated that any "violation[ ], no matter the severity, will result in the termination of [Cooper's] employment with Cornerstone Chemical Company."  Cooper also agreed that, should Cornerstone discharge him "for an alleged violation of the terms of this Last Chance Agreement, [he] may not utilize the grievance and arbitration procedure within the [CBA]."

---

[1] Appellant also purports to challenge the district court's denial of her motion for reconsideration.  But Appellant did not provide any argument as to this issue in her opening brief.  This issue is consequently forfeited.  *See DePree v. Saunders*, 588 F.3d 282, 290 (5th Cir. 2009) (issues raised for first time in reply brief are forfeited).

In January 2020, Cooper left a crane that was attached to an approximately 3,000-pound pipe located sixty feet overhead unattended with the engine running. The parties debate whether the pipe was "suspended" or attached to a structure. Cornerstone terminated Cooper pursuant to the LCA after a six-day investigation. The notice listed the following reasons:

> You left the crane unattended with a load of approximately 3000 pounds suspended in the air;
>
> You did not engage the services of a competent person to determine if your decision to leave the area was safe;
>
> You left the crane's engine running; and
>
> You did not enable the crane's swing brake when you left the scene.

Cooper in response brought this action, alleging Cornerstone fired him because of his age, in violation of Federal and Louisiana law, and breached the LCA and/or CBA, in violation of Section 301 of the Labor Management Relations Act ("LMRA"). The district court granted Cornerstone's motion for summary judgment and dismissed Appellant's claims. It also denied Appellant's motion for reconsideration. On appeal, Appellant challenges the district court's order granting summary judgment.

## DISCUSSION

This court reviews a district court's order granting summary judgment *de novo*. *Tango Transp. v. Healthcare Fin. Servs., LLC*, 322 F.3d 888, 890 (5th Cir. 2003). Summary judgment is appropriate if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Here, the district court properly granted summary judgment against Appellant.

No. 22-30312

## A. Age Discrimination Claims

To establish a claim for age discrimination, a "plaintiff must show that his age was the 'but-for' cause of his termination." *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019). The only issue here is whether Appellant presented "substantial evidence indicating that the proffered legitimate nondiscriminatory reason" for Cooper's termination was "a pretext for [age] discrimination." *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).[2]

Cooper admitted during his deposition to having left the crane running and unattended. Cornerstone argued in its motion for summary judgment that this alone constituted a safety violation and thus a terminable offense under the LCA. Appellant did not attempt to rebut this assertion until her motion for reconsideration. The district court deemed this argument forfeited. We agree. *See U.S. Bank NA v. Verizon Comms., Inc.*, 761 F.3d 409, 426 (5th Cir. 2014) ("This court will typically not consider an issue or a new argument raised for the first time in a motion for reconsideration in the district court."). And Appellant's non-forfeited pretext arguments that could conceivably extend to this violation are meritless.

Because Appellant has failed to rebut Cornerstone's legitimate, nondiscriminatory reason for firing Cooper, Appellant's age discrimination claims fail. *See Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir.

---

[2] "Because the [Louisiana Age Discrimination Employment Act] is identical to the [ADEA]," the same analysis applies to Appellant's federal and state law discrimination claims. *Robinson v. Bd. of Supervisors for the Univ. of La. Sys.*, 225 So.3d 424, 431 (La. 2017) (internal quotation marks and citation omitted).

2001) ("The plaintiff must put forward evidence rebutting each of the nondiscriminatory reasons the employer articulates.").

## B. LMRA Claim

Section 301 of the LMRA provides an employee a federal cause of action against both his employer for breach of a CBA and his union for breach of the duty of fair representation. *Bache v. Am. Tel. & Tel.*, 840 F.2d 283, 287 (5th Cir. 1988). "Because of the intricate relationship between the duty of fair representation and the enforcement of a collectively bargained contract, the two causes of action have become 'inextricably interdependent' and known as a 'hybrid § 301/fair representation' suit." *Id.* at 287–88 (quoting *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 164–65, 103 S. Ct. 2281, 2290–91 (1983)). To succeed on such a claim, a plaintiff must prove *both* that the employer violated the CBA *and* that the union breached its duty. *See Gibson v. U.S. Postal Serv.*, 380 F.3d 886, 888 (2004).

Appellant's complaint states a single cause of action for "Breach of Contracts/Breach of Duty of Fair Representation" in violation of Section 301 of the LMRA. Cornerstone argued in its motion for summary judgment that this cause of action failed because Appellant did not demonstrate the Union breached its duty of fair representation. Appellant's entire response consisted of two conclusory sentences: "Because of the facts and arguments [made in support of Cooper's age discrimination claims], Cooper did not commit an unsafe act when he operated his crane on January 27, 2020[.] Cornerstone breached the LCA when it fired him on February 3, 2020."[3] The district court thus granted summary judgment for Cornerstone, holding

---

[3] In a separate section, Appellant argued "the union breached its duty of fair representation by not pursuing grievances on [Cooper's] behalf." Appellant has since abandoned this argument.

Appellant had "not demonstrated that Local USW 13-447 breached its duty of fair representation, an essential element of [her] section 301 claim."

Appellant, for the first time in her motion for reconsideration and now on appeal, contends she does not have to prove the Union breached its duty of fair representation because the LCA precluded Cooper's use of the CBA's grievance and arbitration procedures. Appellant has forfeited this argument. *See U.S. Bank*, 761 F.3d at 426; *United States v. Scroggins*, 599 F.3d 433, 447 (5th Cir. 2010) ("We have often stated that a party must 'press' its claims. At the very least, this means clearly identifying a theory as a proposed basis for deciding the case—merely 'initmat[ing]' an argument is not the same as 'pressing' it." (internal citations omitted) (alterations in original)). But even if Appellant did not, Cooper's admitted failure to turn off the crane in violation of company policy provided Cornerstone ample ground to terminate him pursuant to the LCA.[4] *See Doctor's Hosp. of Jefferson, Inc. v. Se. Med. Alliance, Inc.*, 123 F.3d 301, 307 (5th Cir. 1997) (court may affirm on any grounds supported by record and argued in district court).

In short, the district court correctly granted summary judgment against Appellant on her LMRA claim.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[4] As noted above, Appellant did not challenge this conclusion in her response to Cornerstone's motion for summary judgment and therefore forfeited any argument to the contrary. *See U.S. Bank*, 761 F.3d at 426.